UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMELO HERNANDEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>LUIGI'S PIZZA OF OCEAN, LLC, KELLY BARONE, individually, and DIANIA FINLEY, individually<br><br>    Defendants. | Civil Case No:<br><br>COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff CARMELO HERNANDEZ ("Plaintiff" or "Hernandez"), by and through the undersigned attorneys, files this Complaint against Defendants, LUIGI'S PIZZA OF OCEAN, LLC, and all other affiliated entities and/or joint employers ("Luigi's") and KELLY BARONE, individually ("Barone"), and DIANIA FINLEY, individually ("Finely") (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Beginning in approximately September 2018, and continuing until at least February 2020, Defendants have engaged in a policy and practice of requiring Plaintiff to regularly work in excess of forty (40) hours per week, without being paid overtime compensation at the statutory overtime rate as required by applicable federal and New Jersey state law.

3. Plaintiff has initiated this action to recover unpaid overtime compensation as well as attorneys' fees and costs associated with the prosecution of this matter.

1

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. At all times material hereto, Plaintiff performed non-exempt cooking and food preparation duties for the Defendants in Ocean County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

8. At all times pertinent to this Complaint, the Defendants were and remain an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a restaurant, which purchases goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Plaintiff worked in interstate commerce, i.e., handling goods and materials that have been moved or produced in interstate commerce.  Thus, Plaintiff falls within the protections of the Act.

9. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

10. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## PARTIES

11. Plaintiff Hernandez is an adult individual who is a resident of Ocean County, New Jersey.

12. Plaintiff Hernandez was employed by Defendants full time as a kitchen worker performing cooking and food preparation duties in furtherance of Defendants' business, from in or about August or September 2018, until in or about February 2020.

13. Luigi's is a New Jersey limited liability corporation, a Pizza and Italian food restaurant, located at 3311 Sunset Avenue, Ocean Township, New Jersey.

14. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

15. Upon information and belief, Individual Defendant Kelly Barone is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Barone has been an owner, partner, officer and/or manager of the Defendant Luigi's.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Barone has had power over personnel decisions at the Defendant Luigi's business.

18. Defendant Barone was regularly present at Luigi's, and managed the day to day operations, controlled the employee pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

19. Upon information and belief, Individual Defendant Diania Finley is a New Jersey state resident.

20. Upon information and belief, at all times relevant to this Complaint, individual Defendant Finley has been an owner, partner, officer and/or manager of the Defendant Luigi's.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Finley has had power over personnel decisions at the Defendant Luigi's business.

22. Defendant Finley was regularly present at Luigi's, and managed the day to day operations, controlled the employee pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

23. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for his overtime hours worked in a work week.

24. Plaintiff Hernandez routinely worked six (6) days per workweek for Defendants.

25. Plaintiff Hernandez routinely worked between ten (10) and fifteen (15) hours per day.

26. Plaintiff Hernandez's hourly rate of pay was $16.00.

27. Plaintiff Hernandez generally worked between sixty (60) and seventy-five (75) hours per work week.

28. For his hours worked in excess of forty (40) in a workweek, Plaintiff Hernandez was required to be paid $24.00 per hour. However, Mr. Hernandez was only paid $13.00 or $13.50 per hour for his time worked in excess of forty (40) hours in a work week.

29. Plaintiff Hernandez was not compensated at one and one half times his regular rate of pay for his overtime hours worked in a workweek.

30. At all times material hereto, Plaintiff Hernandez was performing this job duties for the benefit of and on behalf of Defendants.

31. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

32.     This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, treble damages, as applicable and costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

33.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services for Defendants for which Defendants made no provision to pay Plaintiff compensation to which he was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

34.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and has incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), N.J. Stat. §34:11-56a25.1, and N.J.Stat. §10:5-27.1, Plaintiff is entitled to a recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

35.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

36.     Plaintiff is entitled to receive overtime compensation at one-and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a work week.

37.     Defendants knowingly and willfully failed to pay Plaintiff at time and one half his regular rate of pay for his overtime hours worked each week.

38.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

39.     Because Defendants' violations of the FLSA have been willful, a three-year

statute of limitations applies, pursuant to 29 U.S.C. § 255.

40. As a result of Defendants' willful violations of the Act, Plaintiff is also entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

41. Plaintiff re-alleges, and incorporate here by reference, all allegations contained in the above Paragraphs.

42. In violation of New Jersey Statutes §§ 34:11-56a4 et seq., the Defendants willfully failed to pay Plaintiff his statutorily required overtime compensation for all the hours he worked in excess of forty (40) hours a week for the Defendants.

43. Defendants' aforementioned conduct is in violation of the NJWHL.

44. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

45. As a result of Defendants' violations, Plaintiff is entitled to liquidated and treble damages as directed pursuant to the NJWHL.

## JURY TRIAL

46. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff seeks the following relief:

a.) on his first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, plus third year damages, as well as interest, attorneys' fees and costs;

b.) on his second cause of action, in an amount to be determined at trial, plus liquidated damages as permitted under New Jersey law, plus attorneys' fees and costs; and

c). such other and further relief as determined by this Court.

Dated: September 7, 2021                  Respectfully submitted,

                                             JAFFE GLENN LAW GROUP, P.A.
                                             /s/ Andrew I. Glenn
                                             Andrew I. Glenn, Esq.
                                             Email: Aglenn@jaffeglenn.com
                                             Jodi J. Jaffe, Esquire
                                             E-mail: jjaffe@JaffeGlenn.com
                                             300 Carnegie Center, Suite 150
                                             Princeton, NJ 08540
                                             Telephone: (201) 687-9977
                                             Facsimile: (201) 595-0308